Grable *v.* Railroad.

S. J. GRABLE *v.* L. & N. R. R. Co.

RAILROAD. *Engineers. Competent witnesses.* That part of section of the Code 1169, which renders the engineers and agents of a railroad incompetent witnesses to prove that accidents were unavoidable, is repealed by the act of 1869–70—T. & S. Statutes, 3813, a. b. c. d.—and the witnesses are competent.

FROM HENRY.

Appeal from the Circuit Court of Henry county. J. R. HAWKINS, J.

W. S. CARTER, Jr., for Grable.

COLE & SWEENEY for Railroad Co.

McFARLAND, J., delivered the opinion of the court.

This was an action for killing stock, in which the verdict and judgment were for the defendant. The error assigned by the plaintiff, is the action of the court in admitting, over his objection, the testimony of the engineer and fireman who were on the engine at the time of the accident. It is very earnestly and ingeniously argued, that that part of section 1169 of the Code, which enacts that the engineer, agent or employee of the company shall in no case be a witness for it to prove that the accident was unavoidable, is not repealed by the act of 1869–70, removing all objections to the competency of witnesses by reason of their being parties to the cause or interested in the issue to be tried—with certain exceptions not necessary

to mention. See T. & S. Statutes, section 3813, a, b, c, d. The argument is, that section 1169 is not referred to, or any part of it repealed in terms, and that the law does not favor repeals of implication; that section 1169 was intended to declare this class of witnesses incompetent upon grounds of public policy, and therefore, the subsequent act, which simply removes all objection upon the ground of *interest* is not inconsistent therewith and does not repeal it. We find, however, two well-considered cases in this State, holding a different doctrine. In the first, *Horne* v. *Memphis & Ohio R. R. Co.*, 1 Col., 72, the question was, whether section 1169 excluded all employees of the company, or only the particular employees whose tortious or negligent acts may have caused the injury, and who would be incompetent upon common law principles. It was held that the latter was the proper construction; that the statute simply announced a common law rule, and excluded the witness for the same reasons that he would have been excluded without it, and therefore the witness might be made competent by a release. The opinion gives evidence of full consideration, and Judge Wright says, that, as many cases were arising under the statute, they deemed it proper to give it a full construction. This case was followed by the case of *N. & C. R. R.* v. *Fugett*, 3 Col., 402, in which it was held that agents and employees other than the engineer, conductor and brakemen, were competent without release, and that the latter were competent after release. This latter case, it is true, was decided by a divided court, and Judge Milligan, in

Railroad *v.* Atkins.

delivering the opinion of the majority, says that the case of *Horn* v. *M. & C. R. R.*, which he follows, was not unanimous; but we see no evidence of this in the report of the case. It follows that as section 1169 was only intended to declare the common law, and exclude the witnesses on the ground of interest, that the subsequent acts which remove the incompetency growing out of interest, necessarily repeals the former, as in that view the two are inconsistent and cannot stand together.

Judgment affirmed.